[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is brought by Christina Flory and James Flory, individually, and on behalf of their infant son, Nicklas Flory, against Jose F. Henriquez, M.D. (Henriquez); Candlewood Obstetrics Gynecologic Associates, P.C. (Candlewood); and Danbury Hospital, alleging medical malpractice in connection with the labor and delivery of Nicklas in September, 1998. On November 30, 2000, the plaintiffs filed a six count substituted complaint. In count three, Christina Flory alleges a claim for negligent infliction of emotional distress against Henriquez and Candlewood, and in count six, she alleges an identical claim against Danbury Hospital.
On December 4, 2000, Henriquez and Candlewood filed a motion to strike count three of the plaintiffs' substituted complaint on the ground that it fails to state a legally sufficient cause of action. On December 14, 2000, Danbury Hospital filed a motion to strike count six on the same ground. The plaintiffs have filed objections to both motions and memoranda in support thereof.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the CT Page 5856 motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, 676 A.2d 357
(1996).
The defendants, citing Maloney v. Conroy, 208 Conn. 392, 393,545 A.2d 1059 (1988), move to strike counts three and six of the substituted complaint on the ground that Connecticut does not recognize bystander emotional distress in medical malpractice actions. The plaintiffs contend that the majority of Connecticut courts hold that a mother is not merely a bystander at the birth of her own child and that the reasoning and the policy concerns underlying the Maloney bar to recovery for bystander emotional distress in medical malpractice actions do not apply in the present situation.
The Connecticut Supreme Court has held that a bystander to medical malpractice perpetrated on another may not recover for emotional distress. Maloney v. Conroy, supra, 208 Conn. 393. However, numerous Superior Court decisions have recognized that a mother is not a mere bystander respecting matters that are incident to prenatal care and the delivery of her child. See, e.g., Melhado v. Saint Francis Hospital, Superior Court, judicial district of Hartford at Hartford, Docket No. 591284 (July 7, 2000, Wagner, J.T.R.) (27 Conn.L.Rptr. 492); Patel v.Norwalk Hospital, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164457 (February 9, 2000, Lewis, J.); Smith v.Humes, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 143884 (July 22, 1997, Ryan, J.); Golymbieski v.Equia, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 125140 (May 22, 1997, Fasano, J.) (19 Conn.L.Rptr. 563);Casner v. Fine, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 462895 (May 22, 1995, Handy, J.) (14 Conn.L.Rptr. 570); Rockford v. Hartford Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 369419 (July 18, 1990, Hennessey, J.); Martinez v.Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 230042 (July 22, 1986, Spear, J.) (1 C.S.C.R. 568); Britton v. Borrelli, Superior Court, judicial district of Danbury, Docket No. 275933 (June 5, 1981, Moraghan,J.). "The theory of the majority [of] rulings is that, as the mother herself is during pregnancy and delivery in the zone of danger, a duty of proper obstetrical care is owed her during the prenatal and delivery periods." (Brackets in original; internal quotation marks omitted.) Patel v. Norwalk Hospital, supra, Superior Court, Docket No. 164457.
"Connecticut courts have noted that, when a child is injured due to negligent obstetrical care, the mother and child are joint victims of the malpractice, not separable entities." (Internal quotation marks omitted.) CT Page 5857Martin v. Waradzin, Superior Court, judicial district of New Haven at New Haven, Docket No. 404366 (April 2, 1998, Hartmere, J.) (21 Conn.L.Rptr. 616, 618). "To suggest that a mother engaging in the process of labor and delivery is a bystander to the event, or to try to sever out concerns for her own well-being versus concerns for the child within her, defies logic and reason. A mother's concerns during delivery for her own welfare and that of her child are so interwoven as to be legally inseparable. Where the child remains a part of the mother's physical being, concerns for the child's welfare during delivery procedures are concerns for the mother's well being." Golymbieski v. Equia, supra,19 Conn.L.Rptr. 563.
The plaintiffs have sufficiently alleged that the defendants owed a duty to Christina Flory and that the defendants breached their duty. SeeMelhado v. Saint Francis Hospital, supra, 27 Conn.L.Rptr. 493; Patelv. Norwalk Hospital, supra, Superior Court, Docket No. 164457; Brittonv. Borrelli, supra, Superior Court, Docket No. 275933. If proven, these allegations would support a claim for emotional distress. Montinieri v.Southern New England Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180
(1978); see also Casner v. Fine, supra, 14 Conn.L.Rptr. 571; Brittonv. Borrelli, supra, Superior Court, Docket No. 275933. Therefore, the defendants' motions to strike counts three and six of the plaintiffs' substituted complaint are denied.
White, J.